## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEANNE VAN DUZER LANG AND LARAMIE VAN DUZER SILBER <br><br> Plaintiff, <br><br> v. <br><br> PATIENTS OUT OF TIME, MARY LYNN MATHRE, MICHAEL ALDRICH, DENIS PETRO, IRVIN ROSENFELD, MELANIE DREHER, DUSTIN SULAK, ELVY MUSIKKA and JOHN DOE 1-10 and ABC CORP. 1-10 (names being fictitious as true identities are unknown at this time), <br><br> Defendants. | **Civil Action No.** <br><br> **NOTICE OF REMOVAL** |

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1331, 1332 and 1441. *et seq.*, Defendants Patients Out of Time, Mary Lynn Mathre, Michael Aldrich, Denis Petro, Irvin Rosenfeld, Melanie Dreher, Dustin Sulak and Elvy Musikka ("Defendants") through counsel, hereby removes this action from the Superior Court of New Jersey, Hunterdon County, to the United States District Court for the District of New Jersey. The grounds for removal are as follows:

### Factual and Procedural Background

1.      Pursuant to L. Civ. R. 10.1(a), Plaintiff Jeanne Van Duzer Lang and Plaintiff Laramie Van Duzer Silber (collectively, "Plaintiffs") are individuals

5

residing at 106 Musconetcong, River Rd., Washington, New Jersey.  Defendant

Patients Out of Time ("POT") is a 501(c)(3) non-profit in the Commonwealth of

Virginia, and located at 1472 Fish Pond Road, Howardsville, VA 24562.

Defendant Mary Lynn Mathre is an individual residing at 1472 Fish Pond Road,

Howardsville, Virginia 25462.  Defendant Michael Aldrich is an individual

residing at 2755 Franklin Street, Apt. 7, San Francisco, California 94123.

Defendant Melanie Dreher is an individual residing at Edgewater Beach

Apartments, Unit 903, 5555 N. Sheridan Rd., Chicago, Illinois 60640.  Defendant

Elvy Musikka is an individual residing at 265 W. 8th Avenue, #211, Eugene,

Oregon 97401.  Defendant Denis Petro is an individual residing at 500 Grove

Street, Catasauqua, Pennsylvania 18032.  Defendant Irvin Rosenfeld is an

individual residing at 8500 NW 51st Street, Lauderhill, Florida 33351.  Defendant

Dustin Sulak is an individual residing at 24 Beaver Woods Rd., Durham, Maine

04222.

2.     On December 19, 2019, Plaintiffs commenced this action against

Defendants by filing a Complaint in the Superior Court of New Jersey, Hunterdon

County, HNT-L-000529-19 (the "Complaint").  A true and correct copy of the

Complaint is attached to this Notice as Exhibit A.

3.     The claims raised by Plaintiffs in their Complaint against Defendants

arise out of the alleged employment relationship between the parties.  Specifically,

36426486.3

Plaintiffs' Complaint alleges violations of the New Jersey Conscientious Employee Protection Act ("CEPA"), N.J.S.A. 34:19-1 *et. seq.* (First Count), breach of contract (Second Count), Promissory Estoppel (Third Count), Unjust Enrichment (Fourth County), violations of the New Jersey Wage Payment Law ("NJWPL"), N.J.S.A. 34:11-4.1 *et. seq.,* and New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. 34:11-56a1 *et. seq.* (Fifth Count), and violations of the Fair Labor Standards Act ("FLSA") (Sixth Count).  *See Exhibit A* at ¶¶ 125-156.

4.    Plaintiffs further allege that Defendants failed to pay Plaintiffs over $287,000 for work that they performed pursuant to an alleged employment contract.  *See Exhibit A* at ¶¶ 132-135. Plaintiffs are seeking compensatory, incidental and punitive damages against Defendants, together with interests and costs of suit and such other relief as the Court deems equitable and just. *See Exhibit A,* Counts One through Six.

5.    Defendants are filing this Notice within thirty days after their attorney's email receipt of a copy of  the initial pleading setting forth the claims for relief upon which such action or proceeding is based as allowed by 28 U.S.C. § 1446(b).

6.    Plaintiffs have attempted service of the Complaint on Defendants by mail.

7.      None of the Defendants have filed a responsive pleading to the Complaint.

## Grounds for Removal

**I.      Complete Diversity Exists Between Plaintiffs and Defendants.**

1.      This Court has original diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332, in that:

   a.      Plaintiffs and Defendants are citizens of different states; and

   b.      The matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

2.      Plaintiffs are individuals who reside in New Jersey. *See Exhibit A*, ¶¶ 1-2.  Thus, Plaintiffs are citizens of the State of New Jersey.  *See McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 286 (3d Cir. 2006) (Citizenship is synonymous with domicile and an individual's fixed place of habitation).

3.      POT is a 501(c)(3) educational and charitable non-profit organization, incorporated under the laws of the Commonwealth of Virginia.  *See Exhibit A*, ¶ 3.  POT's principal place of business is located at 1472 Fish Pond Road Howardsville, VA 24562.  *See* http://medicalcannabis.com/about/contact-us/.  Accordingly, POT is a citizen of the Commonwealth of Virginia pursuant to 28 U.S.C. § 1332(c).

4.      Defendant Mary Lynn Mathre is an individual residing at 1472 Fish Pond Road, Howardsville, Virginia 25462.  *See* Plaintiffs' Summons to the

Complaint, a true and correct copy of which is attached to this Notice as Exhibit B. Defendant Mathre is a citizen of the Commonwealth of Virginia. *See McCann*, 458 F.3d at 286.

5.    Defendant Michael Aldrich is an individual residing at 2755 Franklin Street, Apt. 7, San Francisco, California 94123. *See* Exhibit B. Defendant Aldrich is a citizen of the State of California. *See McCann*, 458 F.3d at 286.

6.    Defendant Melanie Dreher is an individual residing at Edgewater Beach Apartments, Unit 903, 5555 N. Sheridan Rd., Chicago, Illinois 60640. *See* Exhibit B. Defendant Dreher is a citizen of the State of Illinois. *See McCann*, 458 F.3d at 286.

7.    Defendant Elvy Musikka is an individual residing at 265 W. 8th Avenue, #211, Eugene, Oregon 97401. *See* Exhibit B. Defendant Musikka is a citizen of the State of Oregon. *See McCann*, 458 F.3d at 286.

8.    Defendant Denis Petro is an individual residing at 500 Grove Street, Catasauqua, Pennsylvania 18032. *See* Exhibit B. Defendant Petro is a citizen of the Commonwealth of Pennsylvania. *See McCann*, 458 F.3d at 286.

9.    Defendant Irvin Rosenfeld is an individual residing at 8500 NW 51st Street, Lauderhill, Florida 33351. *See* Exhibit B. Defendant Rosenfeld is a citizen of the State of Florida. *See McCann*, 458 F.3d at 286.

10.    Defendant Dustin Sulak is an individual residing at 24 Beaver Woods Rd., Durham, Maine 04222. *See* Exhibit B. Defendant Sulak is a citizen of the State of Oregon. *See McCann*, 458 F.3d at 286.

11.    There is complete diversity of citizenship among the parties pursuant to 28 U.S.C. § 1332.

12.    Such complete diversity existed as of the date of the filing of the Complaint and the date of the filing of this Notice of Removal.

## II.    The Amount In Controversy Exceeds $75,000.

13.    Plaintiffs allege that Defendants failed to pay Plaintiffs over $287,000 for work that they performed pursuant to an alleged employment contract. *See Exhibit A* at ¶¶ 132-135. Accordingly, while Plaintiffs has not alleged a specific amount of damages sought in their Complaint, Defendants believe and therefore aver in good faith that the amount in controversy in this action exceeds the sum of $75,000.00, exclusive of interest and costs.[1]

*14.*    Plaintiffs also seek to recover compensatory, incidental and punitive damages against Defendants, together with interests and costs of suit and such other relief as the Court deems equitable and just, which would further increase the amount in controversy in this action. *See Exhibit A,* Counts One through Six.

---

[1]    "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by [28 U.S.C.] § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

36426486.3

15.    As such, the matter exceeds the "amount in controversy" requirement of 28 U.S.C. § 1332(a), and this court possesses original jurisdiction over this action pursuant to this Court's diversity jurisdiction.  *See generally* 28 U.S.C. § 1332.

## III.    Removal is Appropriate Under Federal Question Jurisdiction.

16.    This Court has original federal question jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 because Plaintiffs allege claims under the FLSA.  *See Exhibit A*, at ¶¶ 151-156.

17.    The United States district courts have original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

18.    The Complaint asserts that Defendants failed to pay Plaintiffs all wages due, failed to pay minimum wage, and failed to maintain proper and accurate records in violation of the FLSA.  *See Exhibit A* at ¶¶ 152-156.

19.    Plaintiffs' wage and hour claims under the FLSA necessarily raises a significant federal issue, actually disputed and substantial, such that the case warrants federal question jurisdiction and removal is proper under 228 U.S.C. §§ 1331 and 1441(a).

20.    With respect to Plaintiffs' remaining counts arising under CEPA, NJWPL, NJWHL, and New Jersey common law, this Court has supplemental

jurisdiction over these claims because they "form part of the same case or controversy," in that they all arise out of Plaintiffs' employment with POT, allegedly stem from the same time period, involving the same parties, and all allegedly contribute to Plaintiffs' separation from employment. *See* 28 U.S.C. § 1367(a).

## IV.    Removal Is Appropriate to This Court.

21.    Any civil action filed in a state court over which a federal district court would have original jurisdiction shall be removable by a defendant to the district court of the United States for the district and division where the action is pending pursuant to 28 U.S.C. § 1441(a).

22.    Because this Court possesses original jurisdiction over this action pursuant to this Court's diversity jurisdiction, 28 U.S.C. § 1332, this action is properly removed to this Court pursuant to the provisions of 28 U.S.C. § 1441.

## Compliance with Removal Statutes

23.    Defendants' Notice of Removal is timely under 28 U.S.C. § 1446(b) because it has been filed within 30 days of notice of Plaintiffs' Complaint.

24.    Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served on Defendants are attached hereto as Exhibits A and B.

36426486.3

25.    Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal, together with a true and correct copy of the Notice of Removal, will be filed with the Clerk of the Superior Court of New Jersey, Law Division, Hunterdon County.

26.    Written notice of the filing of this Notice will be served by Federal Express and electronic mail on counsel for Plaintiffs, pursuant to 28 U.S.C. § 1446(d).

## **Non-Waiver of Defenses and Counterclaims**

27.    By removing this action to this Court, Defendants do not waive any available defenses or counterclaims, nor do Defendants make any admissions concerning the allegations made in Plaintiffs' Complaint.

**WHEREFORE**, pursuant to 28 U.S.C. §§ 1331, 1332 and 1441, Defendants respectfully requests that Plaintiffs' civil action be removed from the Superior Court of New Jersey, Law Division, Hunterdon County, to the United States District Court for the District of New Jersey.

Respectfully submitted,

By: */s/ Dena Calo*_____
    Dena B. Calo (033791995)
    650 College Road East,
    Suite 4000
    Princeton, NJ 08540
    P: (609) 452-3135
    F: (609) 452-3122

Dena.Calo@saul.com
Attorneys for Defendants
*Patients Out of Time, Mary*
*Lynn Mathre, Michael Aldrich,*
*Denis Petro, Irvin Rosenfeld,*
*Melanie Dreher, Dustin Sulak,*
*Elvy Musikka*

Dated:  January 17, 2020

# EXHIBIT A

PASHMAN STEIN WALDER HAYDEN, P.C.
Andrew Kuntz /Attorney ID 901302012
Court Plaza South
21 Main Street – Suite 200
Hackensack, NJ 07601
(201) 488-8200
*Attorneys for Plaintiffs*
*Jeanne Van Duzer Lang and*
*Laramie Van Duzer Silber*

| | |
|---|---|
| JEANNE VAN DUZER LANG AND LARAMIE VAN DUZER SILBER, <br><br> Plaintiffs, <br><br> v. <br><br> PATIENTS OUT OF TIME, MARY LYNN MATHRE, MICHAEL ALDRICH, DENIS PETRO,  IRVIN ROSENFELD, MELANIE DREHER, DUSTIN SULAK, ELVY MUSIKKA and JOHN DOE 1-10 and ABC CORP. 1-10 (names being fictitious as true identities are unknown at this time), <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: HUNTERDON COUNTY DOCKET NO. <br><br> <u>Civil Action</u> <br><br> COMPLAINT, JURY DEMAND, AND DESIGNATION OF TRIAL COUNSEL |

Plaintiffs Jeanne Van Duzer Lang and Laramie Van Duzer Silber by way of this

complaint allege and say

## **PARTIES**

1.      Plaintiff Jeanne Van Duzer Lang (hereinafter "Lang") resides at 106 Musconetcong

River Rd., Washington, New Jersey.

2.      Plaintiff Laramie Van Duzer Silber (hereinafter "Silber") resides at 106

Musconetcong River Rd., Washington, New Jersey.

3.      Defendant Patients Out of Time (hereinafter "POT"), is a 501(c)(3) non-profit

educational charity incorporated in the Commonwealth of Virginia.

1

4.     POT's mission is to educate all disciplines of health care professionals, and the public at large, about medical cannabis.

5.     POT's bylaws established that it may create an Executive Committee that has the authority to act in place of the Board of Directors between meetings.

6.     Defendant Mary Lynn Mathre (hereinafter "Mathre") was at all relevant times the President of and Founding Director of Patients Out of Time and a member of the Executive Committee.

7.     Defendant Michael Aldrich ("Aldrich") was at all relevant times a Founding Director and Board Secretary of Patients Out of Time.  Such Officer capacity requires a higher degree of fiduciary duty than an ordinary Board member.

8.     Defendant Denis Petro ("Petro") was at all relevant times a Founding Director of Patients Out of Time.

9.     Defendant Elvy Musikka ("Musikka") was at all relevant times a Founding Director of Patients Out of Time.

10.     Defendant Irvin Rosenfeld ("Rosenfeld") was at all relevant times a Director of Patients Out of Time.

11.     Defendant Melanie Dreher ("Dreher") was a Director of Patients Out of Time and advised Mathre with respect to Patients Out of Time's obligations to Plaintiffs.

12.     Defendant Dustin Sulak ("Sulak") was a Director of Patients Out of Time at the time of Plaintiffs' wrongful termination.

13.     Plaintiff Lang at all relevant times was employed by POT as its Chief of Staff and continually maintained a home office and storage space for her work with POT in her residence in Washington, NJ and was a member of the Executive Committee.

14.     Plaintiff Silber at all relevant times was employed by POT as its Chief Operating Officer and POT's Conference Coordinator. Silber maintained a home office in her residence in Washington, NJ and was a member of the Executive Committee.

15.     Defendants "John Doe 1-10" are individuals whose identities are not known at the present time.

16.     Defendants "ABC Corp. 1-10" are organizations whose identities are not known at the present time.

### FACTS

17.     Defendant Mathre founded POT with her husband, Al Byrne, and began holding biannual conferences, beginning in 2000 with the First National Clinical Conference on Cannabis Therapeutics (hereinafter referred to as "Conference"), with Byrne coordinating the conference and Mathre planning the program and the University accreditation in order for attendees to receive continuing education credits.   Plaintiffs attended and volunteered beginning with the 3rd Conference, in 2004, and continued to volunteer to greater degrees.  In April 2012, Plaintiffs Lang and Silber volunteered at POT's 7th Conference organizing registration, running the registration desk, organizing the auction, and facilitating the benefit dinner.

18.     The Conferences had lost money, and, in summer 2012, Byrne declared POT bankrupt, $50,000 in debt.  Byrne stated he would produce no more conferences and quit his seat on the Board of Directors, as Vice President and Secretary/Treasurer.

19.     Mathre and Plaintiffs decide to revitalize POT.  Plaintiff Lang used her personal connections through 30 plus years in the medical cannabis reform movement to boost POT's reputation and build goodwill.  In 2013, Silber submitted a formal proposal and presented it to Mathre and POT Board of Directors to act as the Conference Coordinator for the upcoming 2014

3

POT 8th Conference.  Mathre, and POT Board, accepted Silber's proposal. Mathre planned the main conference program (Friday and Saturday) and implemented accreditation. It was decided to begin holding Thursday workshops. Plaintiff Lang planned and produced the First Legal/Policy workshop.

20.     The 8th Conference occurred May 8-10, 2014 in Portland, Oregon and was widely regarded as a success by those in attendance. It was certainly a financial success because POT was able to eliminate the debt which it had previously accrued of over $50,000.  It was decided to now hold a Conference every year rather than every other year.

21.     After the conference, Plaintiffs and Mathre spoke with an experienced accountant and an attorney experienced in working with non-profits and the Tax Division of the DOJ.  They discussed how to reorganize POT, so it would become compliant with federal tax law, and could fulfill its mission more efficiently.  It was recommended that POT not produce a conference in 2015 so that it could focus the upcoming year on the needed restructuring of the organization, including revitalizing the Board of Directors to make it active help and strategizing to update the mission statement and bylaws to reflect POT's new goals and directions.  Plaintiffs and Mathre concurred.

22.     Late summer 2014, Byrne decided to withdraw his letter of resignation.  Mathre, then, rejecting the advice of the experts and her colleagues, insisted that POT should produce a 2015 conference. John English located a conference venue – the West Palm Beach Convention center for Memorial Day weekend and Mathre signed the contract, without Board approval.

23.      In or around September 2014, because Plaintiffs did not agree with Mathre's disregard for process and procedure, Silber and Lang resigned.

24.     In December of 2014, Mathre contacted Silber and Lang, telling them that the

4

Board had voted Byrne off the Board and asking Plaintiffs to return to POT to, among other things, coordinate the 2015 9th Conference.   Mathre indicated to Plaintiffs that POT was in dire need of Plaintiffs' help.

25.     In December 2014,  Plaintiffs reached an agreement with Mathre that they would return if Mathre endorsed the goal of moving POT into a professional, compliant organization with infrastructure and procedures, rather than fiat decision making exemplified in Summer 2014, and if Mathre also agreed to become more involved in fundraising efforts.  In furtherance of this goal, Plaintiffs were given new titles reflecting increased authority and positions on the Executive Committee.  Mathre agreed.

26.     Subsequently,  Silber and Mathre, on behalf of POT, entered into a  contract dated December 1, 2014, for Silber to act as POT's Chief Operating Officer ("COO"), at $20.00 per hour.

27.     Pursuant to POT's by laws, the Board, including Mathre, Petro, Aldrich, Rosenfeld, and Musikka, unanimously approved the contract.

28.     The contract stated that the "agreement is envisioned as being extended beyond February 28; the initial three-month period will allow anticipated hour estimates and work processes to be refined."

29.     In addition, Lang and Mathre, on behalf of POT, entered into a  contract, dated December 1, 2014, for Lang to act as POT's Chief of Staff and Manager of Special Projects at $20.00 per hour.

29.     Pursuant to POT's by laws, the Board, including Mathre, Petro, Aldrich, Rosenfeld, and Musikka, unanimously approved the contract.

30.     The contract stated that the "agreement is envisioned as being extended beyond

February 28; the initial three-month period will allow anticipated hour estimates and work processes to be refined."

31.     In addition to the duties outlined in her contract, Silber was compelled by Mathre's desertion of the conference and apathy toward POT's mission to perform numerous other duties, including the entire University accreditation process, to ensure that the 2015 9th Conference would occur and continued to work beyond the term of the contract.

32.     Specifically, beginning with the 9th conference, by default Silber accomplished accreditation for continuing education credits with the University of California at San Francisco, one of the most critical aspects of POT's educational conferences.  She has continued to apply for and receive accreditation for Continuing Medical Education credits, Continuing Legal Education accreditation as well as accreditation for nurses completing the courses.

33.     In addition to the duties outlined in her contract, after Mathre deserted the conference preparation to go to Hawaii with John English,  Plaintiff Lang performed numerous other tasks to ensure that the 2015 POT conference would occur and continued to work beyond the term of the contract.  Specifically, Mathre asked Lang to work on amending or breaking a contract Mathre had entered into with a California conference coordinator who was attempting to collect $49,000.

34.     Upon the expiration of the original contract February 28, 2015, work continued without interruption.  The tasks enumerated in the contract, plus the additional tasks Mathre asked Plaintiffs to undertake or, by default, required Plaintiffs to perform, combined to more hours per week than anticipated in the initial contract.  On behalf of the Board, Mathre represented to Plaintiffs that they would receive compensation if they continued to work in their capacities as COO and Chief of Staff.  Commensurate salaries, expenses and new equipment were promised.

6

35.    Throughout 2015, Plaintiffs continued working for POT in their roles and additionally began to produce small educational seminars for POT. Plaintiffs' responsibilities and duties quickly expanded beyond that anticipated by their contracts, to include: creating contracts; planning content for Conferences; all aspects of educational accreditation; fundraising; creating and maintaining mailing list, website, Facebook and Twitter; creating membership; designing and ordering: products, brochures, marketing materials; etc.

36.    To ensure that POT's financials were properly maintained, Silber secured the services of an accountant for POT at a reduced cost, specifically located in proximity to Silber's home office in New Jersey to facilitate their working closely to keep Quickbooks, issue 1099s, file 990s, and to file Federal and State compliance forms. By default, Plaintiff Silber began performing financial duties including budgets for conference, managing invoices and billing, and reimbursing speakers' expenses. As such, Mathre added Silber as a signatory on the POT bank account and authorized opening a credit card account, where Silber was an authorized user and issued a card with her name.

37.    In their respective capacities as COO and Chief of Staff, Plaintiffs organized and produced the 2016 10th Conference in Baltimore including the workshops, and searching for financial supporters and exhibitors, locating the venue, organizing speakers and their travel, arranging accommodations, negotiating hotel and food and beverage (F&B) contracts, planning all aspects of the Friday night benefit dinner and auction, attaining accreditation for POT, and fundraising.

38.    On several occasions, Plaintiffs represented to Mathre and POT that they were entitled to and needed compensation for the work they did for POT, especially as Plaintiffs were accomplishing all the work in producing the Conferences and of POT's administration. Plaintiffs

explained to Mathre that the title of President defined and made more critical her role as lead fundraiser.

39.     Mathre responded, on behalf of POT and its directors, that Plaintiffs would be paid a salary, as their employment contracts anticipated, as soon as POT had enough money to do so, that she was not good at fundraising but that she "couldn't wait to pay" Plaintiffs a living wage salary.

40.     Relying upon these assurances, Plaintiffs continued to work for POT planning and managing all aspects of the 2016 10th Conference which was held in Baltimore, Maryland.

41.     During that time, Mathre neglected her duties as President of POT and failed to adequately perform her role, including calling Board Meetings and fundraising.

42.     Silber completed 2889.5 hours of work from the beginning of the contract to the end of the 2016 POT Conference (January 1, 2015 through April 30, 2016).

43.     Silber was not compensated for 2513.7 hours of 2889.5 accounting for $50,274.00

44.     Lang completed 2858 hours of work from the beginning of the contract through the end of the 2016 POT Conference (January 1, 2015 through April 30, 2016).

45.     Lang was not compensated for 2659 hours of 2858 accounting for $53,180.

46.     The 2016 10th Conference made clear that some Board members were in sufficiently bad health that a quorum could not be mustered for a meeting. Thus, the Executive Committee was responsible for most decision-making. Lang again suggested that POT take a year off from holding a conference in order to have time to reorganize including reconstituting the Board, as was recommended by professionals in 2014.

47.     Mathre insisted that POT should host a 2017 Conference. Traditionally, POT switched coasts for Conference location, and Mathre was receiving a prestigious award in

December 2016 at the Emerald Cup, just north of San Francisco. A venue was chosen in Berkeley, California with the promise that Mathre would step up and do her job, especially to fundraise. This did not happen.

48.     Relying upon Mathre's representation, on behalf of POT and its Directors that they would be compensated, and that living wage salaries would be forthcoming, Plaintiffs continued to work as COO and Chief of Staff, producing the 2017 11th Conference, including planning and producing and marketing four Thursday workshops, various ancillary events and Veteran meetups, dispensary tours, benefit dinner, etc. Plaintiffs also continued planning and producing small educational seminars throughout the year and maintaining all previously listed administrative functions/tasks of POT.

49.     The 2017 11th Conference was held on May 18-20, 2017 in Berkeley, California. The conference was a great success, but the venue was very expensive, and Mathre did not fundraise as promised.

50.     Silber completed 2086 hours of work from the end of the 2016 conference through the end of the 2017 POT Conference. (May 1, 2016- May 31, 2017)

51.     Silber was not compensated for 1564 hours of 2086 accounting for $31,280.00.

52.     Lang completed 2022 hours of work from the end of the 2016 conference through the end of the 2017 POT Conference. (May 1, 2016- May 31, 2017)

53.     Lang was not compensated for 1692 hours of 2022 accounting for $33,840.00.

54.     After the 2017 Conference, POT's financial situation was bleak. It did not have enough money for deposits for any venue for the next year's conference. When Mathre suggested that the 2018 12th conference take place in Florida, Plaintiffs, fully aware of POT's precarious financial condition, explained that would be financially untenable. Nick Wray (long time supporter

and member of WeedforWarriors Project) and Jodi James (Executive Director of FLCAN, which frequently worked with POT) were investigating nontraditional, inexpensive venues in Tampa, when a massive hurricane hit, foreclosing that area as a conference location. Mathre implored Plaintiffs to find a location.

55.     Lang and Silber discovered a venue in Jersey City, New Jersey, that would make hosting the 2018 Conference financially feasible because it was easily accessible from Plaintiffs' New Jersey home office, also, therefore, requiring no travel costs for frequent site visits and purveyor meetings, and also because the venue did not require any deposits or an F&B minimum. In addition, the venue, Loew's Historic Theater is owned by another 501(c)(3) and so discounts rental to fellow nonprofits.

56.     However, for the 2018 conference to be financially feasible, Plaintiffs sought assurances from Mathre that she would resume her duties as President of POT and commit to fundraising.

57.     Because the Loew's Theatre is not an all-inclusive full service event venue, Plaintiffs were keenly aware that POT would be responsible for every minute operational and procurement detail of the 2018 12th Conference; so, Plaintiffs also sought assurances that they would be compensated, especially as Plaintiffs' work load would increase exponentially working without the full services of a hotel conference facility.

58.     Mathre represented that she would fulfill her duties and that Plaintiffs would be paid for their current and previous work.

59.     In reliance on Mathre's promises, Plaintiffs continued to work for POT and began to produce the 2018 12th Conference, including the 5th legal/policy workshop. That workshop was unique because it received accreditation for CLE credit, CME credit and CEU credit for the

identical material.

60.     Plaintiffs kept costs low not only by proximity to venue selection, but also by obtaining in-kind donations of food, alcohol, paper products and dishware, which they had shipped to and stored at their New Jersey home office and then transported to the Jersey City venue for the conference; therefore, POT was able to make a profit from the 2018 conference.

61.     Mathre refused to solicit smaller funders but did eventually arrange to meet a wealthy Florida businesswoman about larger sustaining funding. Mathre requested, and Silber prepared, a 'wishlist' operating budget, including salaries.  At that meeting just before the 2018 conference, instead of fundraising for the Conference or Plaintiff's owed pay, Mathre pitched numbers provided by a for-profit company (Seed2Health/TeachableMedicine) for a mutual venture which neither the Executive Committee nor the Board had been informed of.

62.     Silber completed 1883.25 hours of work from the end of the 2017 conference through the end of the 2018 POT Conference. (June 1, 2017-May 31, 2018)

63.     Silber was not compensated for 1733.25 hours of 1883.25 accounting for $34,665.00

64.     Lang completed 1626 hours of work from the end of the 2017 conference through the end of the 2018 POT Conference. (June 1, 2017-May 31, 2018)

65.     Lang was not compensated for 1476 hours of 1626 accounting for $29,520.00

66.     Plaintiffs have demanded payment, but while POT has acknowledged a debt to Plaintiffs, and even made some profit from events, full payment to either Plaintiff has not been forthcoming.

67.     Instead of the long overdue salary payment, and even though POT made a profit in part because Plaintiffs had solicited and secured financial supporters for the 2018 Conference,

11

Mathre declined payment so that the money could instead be used for POT to partner with Seed2Health and to seek Joint Accreditation. Plaintiffs disagreed, explaining that the process for Joint Accreditation is too inordinately time consuming, labor intensive and expensive for even Universities to undertake lightly. Moreover, there had been no Board meeting to discuss such a large and intensive project, nor to approve any intermingling with a for-profit company.

68.    From May to December 2018 Plaintiffs continued to perform all logistical and administrative functions for POT, while insisting that Mathre schedule a Board meeting and prioritize strategic planning.

69.    Starting in December 2014 and continuing through 2019 Plaintiffs expressed concern to Mathre and the Board of Directors that POT was not in compliance with its bylaws and federal laws and regulations.

70.    The moribund Board had only had 7 of 12 seats filled, so in late summer 2018 when Director Barbara Douglass died, the situation became even more critical because now the Board did not even have enough Directors to achieve the required basic quorum of seven, as set forth in POT's bylaws, to even be able to hold an official vote.

71.    In 2019, Plaintiffs also raised concerns that Mathre was inappropriately working with an individual, John English, who was paying his assistant Renee Ronnie to use POT for purposes outside of its mission through agreements with companies, including some partially owned by John English, including Edukatie, an online education content provider, in contradiction to the federal tax code.

72.    Plaintiffs expressed concerns that Mathre and John English were using POT for the benefit of John English and several companies which he had part interest in.

73.    Additionally, in December of 2018, Renee Ronnie, John English's girlfriend, whom

he was paying $1,000 per week, had begun fundraising under POT's name, including from POT's long-time supporters and was soliciting donations from Florida and out of state.

74.    Plaintiffs expressed concerns about Ronnie's lack of credentials and the fact that she is not a registered fundraiser in any state, let alone Florida, and thus could not legally solicit donations.

75.    Plaintiffs expressed further concerns about Ronnie using "Patients Out of Time Conference Coordinator" in her email signature, on her voicemail, and on printed business cards, without having any contract with POT, or Board approval or even knowledge.

76.    Mathre insisted on using Ronnie despite the illegalities noted by Plaintiffs.

77.    Plaintiffs also raised concerns to Mathre that, as POT's most visible representative, Mathre was acting outside of her authority, and illegally, including agreeing to pay vendors in cash to avoid tax consequences, and selecting her own vendors despite previously agreed upon contracts.

78.    Plaintiffs raised concerns that POT was operating outside the bounds of federal tax code, for example as its Board had not held a meeting in years in contradiction to the bylaws specific requirements which also spelled out that the Board as constituted no longer had even a resting quorum.

79.    On March 4, 2019, Plaintiffs and Mathre had a call to discuss compliance issues and long-range planning for POT.  Mathre agreed that changes had to be made to POT's structure in order to bring POT into compliance.

80.    Plaintiffs drafted a Memorandum of Understanding ("MOU") memorializing what had been agreed to by Mathre on that call and emailed it to Mathre for her signature on it.

81.    Mathre balked at signing and on March 11, 2019 sent an email to Plaintiffs that she

would not sign the MOU, which was intended to illuminate the path to bring POT into compliance, because "I see Patients Out of Time being overly controlled or influenced by legal rulings."

82.     That email convinced Plaintiffs that they could not work for a non-profit that simply flouted and ignored the rules and laws of compliance.

83.     On March 13, 2019, Plaintiffs had a meeting in Tallahassee, Florida with Mathre to express their growing and grave concerns, and the consequences of those concerns. The meeting was joined by Jodi James, Executive Director of FLCAN and Nicholas Wray, both long-time POT supporters.

84.     Mathre agreed to the reorganization of POT with the goal of attaining compliance and efficiently fulfilling POT's mission.

85.     Plaintiffs, Mathre, Wray, and James reduced the agreements reached from the March 13, 2019 meeting to writing in an MOU, which was executed by all parties in attendance on that day.

86.     The signers of the MOU acknowledged that POT was out of compliance and set forth the measures it would take to bring itself into compliance.

87.     Of immediate concern was that POT was about to receive substantial donations, some from publicly-traded companies, and that POT was not currently in compliance as a legitimate 501(c)(3) organization, most specifically because the Board was legally considered "nonexistent" with no quorum of the Board possible as it stood, therefore not able to legitimately provide a tax deduction for the donor, in direct contravention to what Mathre and Ronnie were assuring them.

88.     The signers agreed to the following amongst other things: 1) "the current Board of Directors is not functioning effectively and needs to be reconstituted;" 2) until the Board is

reconstituted "the Executive Committee (EC) is the body that sets the policy and makes the decisions for POT;" 3) The organization will hold a Strategic Planning meeting in May 2019; 4) Nick Wray will be appointed to the Board of Directors and serve as a member of the Executive Committee; 5) Lang will be appointed to the Board of Directors and continue to serve on the Executive Committee  6) Mathre agrees to step down as CEO; and 7) Silber agrees to serve as Managing Partner through the end of the May Strategic Planning meeting.

89.     Specifically, the MOU noted that POT needed to procure D & O insurance for members of the Board.  D & O insurance was necessary to ensure that the Directors were adequately protected, and could there perform their fiduciary duties to POT.

90.     Plaintiffs successfully solicited substantial amounts in donations for the 2019 13th Conference.

91.     The 2019 13th Conference was held from April 11 to April 13, 2019 in Tampa, Florida.

92.     Silber completed 1847.5 hours of work from the end of the 2018 conference through the end of the 2019 POT Conference (June 1, 2018-May 7, 2019).

93.     Silber was not compensated for 1,417.8 hours of 1847.5 accounting for $28,380.00

94.     Lang completed 1352 hours of work from the end of the 2018 conference through the end of the 2019 POT Conference (June 1, 2018-May 7, 2019).

95.     Lang was not compensated for 922 hours of 1352 accounting for $18,440.00

96.     Defendants Dreher and Sulak both attended the 13th Conference and Lang spoke to each of them about coming on the Board and attending Sunday's scheduled Board meeting.  Late Saturday of the 13th Conference weekend, Mathre unilaterally cancelled the Board meeting which had been scheduled for the next day, Sunday, April 14, 2019, despite five Board members, plus

POT's attorney, Mara Felsen, being present, and POT being out of compliance because no proper board meeting had been held for 4 years.

97.    On April 14, 2019, Plaintiffs insisted on an informal meeting of the five present Board members, POT's attorney, and several long-time volunteers, in place of the cancelled Board meeting. Details of Mathre's malfeasance and POT's non-compliance were laid out, including her actions that endangered both the University accreditation and 501(c)(3) status. Mathre's reaction was to say the organization hadn't been "in trouble" until Plaintiffs "were stupid enough to put it in writing" in the March 13, 2019 MOU.

98.    After the Conference, the Executive Committee repeatedly urged Mathre to properly notice a Board meeting, in order to schedule the now clearly and urgently needed Strategic Planning session agreed upon per the MOU and start POT on the road to compliance. Pursuant to an Executive Committee meeting on April 27, 2019, Mathre sent an email to the Board properly giving a 10-day notice for a phone Board meeting and asking them to reply to Silber with their availability for May 8, 9 or 10, 2019. The MOU was forwarded to POT's Board of Directors.

99.    However, Mathre completely reversed her course on May 6, 2019, when she sent an email to Directors including Mathre, Petro, Aldrich, Rosenfeld, and Musikka, and excluding Lang and Wray, claiming that she had signed the MOU under duress and had to lie to Plaintiffs about aiming for compliance, and falsely signing the MOU, to induce Plaintiffs to work (without pay) to put on the conference. Mathre also claimed that she had been advised to simply ignore the MOU, by Scheril Murray Powell (referred to by Mathre in other places as "her lawyer") and Defendant Dreher.

100.    Additionally, Mathre's email called for a secret "emergency Board meeting" by phone for the next day May 7, 2019, in place of the properly noticed meeting scheduled for May

9, and in direct contravention to the bylaws which do not speak to nor provide for an "Emergency Board Meeting". Mathre's email announced that she would be "immediately terminating" Lang and Silber, complaining in her email that Plaintiffs had damaged POT by putting POT's non-compliance in writing in the MOU.

101.    Lang, Silber, and Wray were present on the May 7 call, having been informed of the meeting by another Board member.

102.    During the May 7, 2019 conference call, Mathre again indicated that she had been advised to ignore the MOU and that, thus, Lang and Wray had never been appointed to the Board of Directors, thereby positioning POT to having been noncompliant when it had accepted large donations. She also "immediately terminated" Lang and Silber, over objections from a Board member, who correctly argued that this was an issue the Board was required by the by-laws to vote on. Moreover, Mathre also stated her intent to unilaterally hire Nancy Quigley, a member of the Seed2Health team, as POT Executive Director, again over the same objections.

103.    The members of the Board, including Defendants Mathre, Petro, Aldrich, Rosenfeld, and Musikka took no action, shirking their fiduciary duties and by their silence affirming the "immediate termination" of Plaintiffs and tacitly ratifying Mathre's malfeasance.

104.    Defendants were aware of the illegal actions taken by POT and in response terminated Plaintiffs who wished to alert POT and its Directors of the illegality and remedy it.

105.    On the call, Mathre stated that there was $154,000 in the current POT bank account. Rather than using it to pay Plaintiffs for their work, Mathre stated her intention to use to money to hire Nancy Quigley.

106.    On the call, a Board member indicated that Plaintiffs were still owed a substantial amount of back money from their years' of work. However, although there was discussion,

Defendants again shirked their duties and took no action on this outstanding issue.  On the call, Board member Rosenfeld, who had been present at the April 14 meeting, called for an 'open forum' for all interested parties to brief the Board on the non-compliance and malfeasance. The open forum call was scheduled for May 23, 2019 and the next Board meeting for June 9, 2019.  The Board members never held such open forum.

107.    Defendant Aldrich, in his role as Board Secretary failed to accurately record the discussion over Plaintiffs' back pay and then also allowed Mathre to "edit" the minutes before they were sent out.

108.    Therefore, Plaintiffs, Mara Felsen POT's attorney, and Jodi James submitted lengthy written narratives to the Board, which directly informed the Board of Mathre's rejection of POT becoming compliant with tax law and regulations as well as her illegal and harmful (to POT) actions.

109.    On May 25, 2019, Mathre sent a letter to Silber in NJ stating "this letter is to inform you that your contract with Patients Out of Time is ended and you will need to wrap up your work . . . I have valued much of what you have done for the organization."

110.    On May 25, 2019, Mathre followed up with a letter to Lang at her NJ home office address stating: "this letter is to inform you that your contract with Patients Out of Time is ended... The Board and I appreciate all of your time and effort you have put forth on behalf of Patients out of Time."

111.    Lang and Silber retained NJ counsel.  On May 29, 2019, Plaintiffs' counsel sent a demand letter to each of POT's Board of Directors detailing Mathre's wrongful and illegal conduct leading to Plaintiffs' inappropriate termination because of their expressed concerns with Mathre's actions and POT's non-compliance with accreditation rules and State and Federal law.

18

112.     Subsequently, and before the scheduled June 9, 2019, Board meeting, Plaintiffs'
counsel forwarded to each of the members of POT's Board of Directors a "Report to the POT
Board of Directors", one authored by Lang and the other by Silber, detailing Mathre's non-
compliance (and POT's) with State and Federal law.

113.     Also, before the scheduled June 9, 2019, Board meeting, each of the members of
the POT Board of Directors also received reports from POT's own lawyer, Mara Felsen, as well
as the Executive Director of FLCAN, Jodi James, and is, therefore, on notice of Mathre's illegal
and wrongful conduct, resulting in her illegal firing of the Plaintiffs. Yet, the Board of Directors
has ratified Mathre's illegal and wrongful conduct, so far.

114.     Despite Plaintiffs' efforts and warnings, on information and belief, POT remains
out of compliance and has also failed to procure D & O insurance.

115.     During Plaintiffs' employment with POT, through their hard work, they were
responsible for transitioning it from a barely functioning organization in debt to a well-respected
robust non-profit.

116.     Prior to Plaintiffs' employment, POT casually produced 2 -day conferences, every
other year, which produced no profit and often resulted in a loss.  As a result of Plaintiffs' efforts,
POT now produces professional 3-day conferences annually.  In their roles, Plaintiffs organized
new conference workshops and ancillary events; recruited and managed volunteers; created stock
forms for conference exhibitors, sponsors, and membership; and designed, created and sourced
conference guides, dinner guides, save the dates, brochures, flyers, signage and banners.  Plaintiffs
also produced meticulous conference budgets, sponsorship plans with codified levels, revamped
the conference registration process, and implemented onsite payment methods for conference
registration.  Prior to Plaintiffs' employment, POT had not utilized any of these materials or

strategies.

117.   Plaintiffs were also solely responsible for POT's revamped marketing efforts. Plaintiffs created or relaunched POT's social media accounts and website and published conference videos.   Plaintiffs were responsible for designing, creating and sourcing POT merchandise, conference brochures, and conference displays.

118.   Plaintiffs created and ran POT's membership program, created and maintained POT's listserv, implemented phone and video conferencing systems, and facilitated the retention of an attorney to advise POT.

119.   During this time, except for on-site work at conferences or other events, Plaintiffs performed all of their duties, stored all POT material in their possession, and managed POT exclusively from their home offices in New Jersey.

120.   Defendants were fully aware that Plaintiffs performed all of their functions from their New Jersey home offices.

121.   Defendants never requested that Plaintiffs work from any other location

122.   POT was incorporated at Mathre's residence in Virginia, however POT did not maintain any commercial office space during Plaintiffs' employment.

123.   Upon information and belief, Mathre has subsequently moved her residence to Florida.

124.   As a direct result of Plaintiffs' contributions, POT was able to produce profitable events taking POT from the verge of bankruptcy to a viable organization.

**FIRST COUNT**
**(New Jersey Conscientious Employee Protection Act)**

125.    Plaintiffs repeat and reallege the allegations in paragraphs 1 to 124 as though set forth herein.

126.    Plaintiffs' objecting to and reporting of non-compliance with state fundraising laws requiring registration of fundraisers, and the federal tax code, including the prohibition of inurement of a private benefit by a 501(c)(3) non-profit corporation amongst other things, was a motivating factor in the decision by Defendants to terminate Plaintiffs.

127.    Plaintiffs' conduct in this regard is protected as set forth in the New Jersey Conscientious Employee Protection Act.

128.    Defendants are employers as defined by N.J.S.A.34:19-1 et. seq.

129.    Plaintiffs are employees as defined by N.J.S.A.34:19-1 et. seq.

130.    Defendants' decision to terminate Plaintiffs' employment with POT was egregious and in reckless disregard of Plaintiffs' statutory rights.

WHEREFORE, Plaintiffs demand judgment against Defendants for compensatory, consequential, incidental and punitive damages together with interest and costs of suit and for such other and further relief as the Court deems equitable and just.

**SECOND COUNT**
**(Breach of Contract)**

131.    Plaintiffs repeat and reallege the allegations in paragraphs 1 to 130 as though set forth herein.

132.    Defendants made numerous representations constituting offers to Plaintiffs that Plaintiffs would be compensated for their roles as COO and Chief of Staff, specifically in coordinating and producing the 2015-2019 POT Conferences.

133.    Plaintiffs accepted these offers and performed all duties.

134.    Defendants failed to pay Plaintiffs over $287,000 dollars for their work which they performed.

135.    This failure constitutes a breach of contract with Plaintiffs for their services that were performed for POT from 2015 to 2019.

WHEREFORE, Plaintiffs demand judgment against Defendants for compensatory, consequential, incidental and punitive damages together with interest and costs of suit and for such other and further relief as the Court deems equitable and just.

### THIRD COUNT
### (Promissory Estoppel)

136.    Plaintiffs repeat and reallege the allegations in paragraphs 1 to 135 as though set forth herein.

137.    Defendants made a clear and definite promise to pay Plaintiffs for their work as COO and Chief of Staff for the 2015, 2016, 2017, 2018 and 2019 conferences and the administrative work which they did for POT from 2015-2019.

138.    Defendant's repeated promises – that Plaintiffs would be paid a reasonable salary for the expanded work and responsibilities; clearly more than $20 per hour -- was made with the expectation that Plaintiffs would reasonably rely on it and continue to work to organize and produce POT's annual conferences and other administrative functions.

139.    Plaintiffs did reasonably rely on Defendants' promises and to their detriment committed several years to working tirelessly at their own expense.

140.    Defendants continually induced Plaintiffs to continue to work by promising payment.

141.    Defendants failed to honor their promise to Plaintiffs and did not pay Plaintiffs for

22

their services rendered to POT as COO and Chief of Staff.

WHEREFORE, Plaintiffs demand judgment against Defendants for compensatory, consequential, incidental and punitive damages together with interest and costs of suit and for such other and further relief as the Court deems equitable and just.

## FOURTH COUNT
### (Unjust Enrichment)

142.    Plaintiffs repeat and reallege the allegations in paragraphs 1 to 141 as though set forth herein.

143.    Plaintiffs conferred a benefit on Defendants when they agreed to work full time for POT organizing and producing the 2015-2019 conferences as well as all other aspects of POTs administration and business, as Defendants received free labor.

144.    Defendants also received a benefit through the goodwill that was built through the successful production of six educational conferences which were highly regarded.

145.    Defendants also received a benefit through fundraising solicited solely by Plaintiffs on behalf of POT.

146.    It would be unjust for Defendants to retain those benefits without payment to Plaintiffs.

WHEREFORE, Plaintiffs demand judgment against Defendants for compensatory, consequential, incidental and punitive damages together with interest and costs of suit and for such other and further relief as the Court deems equitable and just.

## FIFTH COUNT
### (New Jersey Wage Payment Law & New Jersey Wage and Hour Law )

147.    Plaintiffs repeat and reallege the allegations in paragraphs 1 to 146 as though set forth herein.

148.    At all relevant times, Plaintiffs were employees as defined by the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1 et. seq., and the New Jew Jersey Wage and Hour Law, N.J.S.A. 34:11-56a1 et. seq.

149.    Defendants willfully, intentionally and with reckless disregard withheld payments from Plaintiffs and failed to pay Plaintiffs on a regular basis in violation of the Wage Payment Law.

150.    Defendants willfully, intentionally and with reckless disregard failed to pay Plaintiffs minimum wage for all of Plaintiffs' hours in violation of the Wage and Hour Law.

WHEREFORE, Plaintiffs demand judgment against Defendants for compensatory, consequential, incidental and punitive damages together with interest and costs of suit and for such other and further relief as the Court deems equitable and just.

## SIXTH COUNT
### (Fair Labor Standards Act)

151.    Plaintiffs repeat and reallege the allegations in paragraphs 1 to 150 as though set forth herein.

152.    The Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201 et. seq. applied to Plaintiffs' employment with Defendants at all relevant times.

153.    Plaintiffs were not paid any wages for a vast majority of their employment.

154.    Defendants failed to maintain proper and accurate records as mandated by the FLSA.

155.    Defendants willfully, intentionally and with reckless disregard withheld payments from Plaintiffs and failed to pay Plaintiffs on a regular basis in violation of the FLSA.

156.    Defendants willfully, intentionally and with reckless disregard failed to pay Plaintiffs minimum wage for all of Plaintiffs' hours in violation of the FLSA.

WHEREFORE, Plaintiffs demand judgment against Defendants for compensatory,

consequential, incidental and punitive damages together with interest and costs of suit and for such

other and further relief as the Court deems equitable and just.

**PASHMAN STEIN WALDER HAYDEN**
**A Professional Corporation**
*Attorneys for Plaintiffs*


By: */s/ Andrew Kuntz*
     ANDREW KUNTZ


Dated: 12/19/2019

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues.

## DESIGNATION OF TRIAL COUNSEL

Andrew Kuntz, Esq. is hereby designated as trial counsel for Plaintiffs in this action.

## CERTIFICATION PURSUANT TO RULE 4:5-1

I hereby certify that this matter is not the subject of any other action pending in any other court. I hereby further certify that no other action is contemplated by this party and no other parties known to this party should be joined to this lawsuit. I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willingly false, I am subject to punishment.

PASHMAN STEIN WALDER HAYDEN
A Professional Corporation
*Attorneys for Plaintiffs*


By: */s/ Andrew Kuntz*
      ANDREW KUNTZ

Dated: 12/19/19

## CERTIFICATION PURSUANT TO RULE 1:38-7(B)

I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

**PASHMAN STEIN WALDER HAYDEN**
**A Professional Corporation**
*Attorneys for Plaintiffs*

By: */s/ Andrew Kuntz*
ANDREW KUNTZ

Dated:  12/19/19

27

# EXHIBIT B

**Andrew Kuntz**
akuntz@pashmanstein.com
Direct: 201.270-4936



December 30, 2019

Patients Out Of Time
c/o Mary Lynn Mathre
1472 Fish Pond Road
Howardsville, VA 24562

Re:    Jeanne Van Duzer Lang and Laramie Van Duzer Silber v. Patients Out Of Time, et al.
       Docket No. HNT-L-000529-19
       Our File No. 28442-001

Dear Ms. Mathre:

Please be advised that this firm has been retained to represent the Plaintiffs, Jeanne Van Duzer Lang and Laramie Van Duzer Silber, in the above-entitled matter.  Enclosed herein, please find a copy of a Summons, Complaint and Track Assignment Notice.

Please note that this is an important legal proceeding and I recommend that you consult with an attorney regarding this matter.

Very truly yours,

Andrew Kuntz

Encl.
Cc:    Dena B. Calo, Esq. (via email)

Court Plaza South        Phone:  201.488.8200
21 Main Street, Suite 200 | Fax:  201.488.5556
Hackensack, NJ 07601     | www.pashmanstein.com

PASHMAN STEIN WALDER HAYDEN, P.C.
Andrew Kuntz /Attorney ID 901302012
Court Plaza South
21 Main Street – Suite 200
Hackensack, NJ 07601
(201) 488-8200
*Attorneys for Plaintiffs*
*Jeanne Van Duzer Lang and*
*Laramie Van Duzer Silber*

|  |  |
|---|---|
| JEANNE VAN DUZER LANG AND LARAMIE VAN DUZER SILBER,<br><br>Plaintiffs,<br><br>v.<br><br>PATIENTS OUT OF TIME, MARY LYNN MATHRE, MICHAEL ALDRICH, DENIS PETRO, IRVIN ROSENFELD, MELANIE DREHER, DUSTIN SULAK, ELVY MUSIKKA and JOHN DOE 1-10 and ABC CORP. 1-10 (names being fictitious as true identities are unknown at this time),<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: HUNTERDON COUNTY DOCKET NO.  HNT-L-000529-19<br><br>**Civil Action**<br><br>SUMMONS |

From:  The State of New Jersey

To:    Patients Out Of Time
       c/o Mary Lynn Mathre
       1472 Fish Pond Road
       Howardsville, VA 24562

     The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the  county listed  above  and online   at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case

Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

    If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1- 888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

*/s/ Michelle M. Smith*
Clerk of the Superior Court

DATED: December 30, 2019

Name of Defendant to Be Served:        Patients Out Of Time
c/o Mary Lynn Mathre

Address of Defendant to Be Served:      1472 Fish Pond Road
Howardsville, VA 24562

**Directory of Superior Court Deputy Clerk's Offices County Lawyer Referral and Legal Services Offices**

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401

LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main St.
Hackensack, NJ 07601

LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Rd.
Mt. Holly, NJ 08060

LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice
1st Fl., Suite 150
101 South 5th Street
Camden, NJ 08103

LAWYER REFERRAL
(856) 482-0618
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 N. Main Street
Cape May Court House, NJ 08210

LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
60 West Broad Street
P.O. Box 10
Bridgeton, NJ 08302

LAWYER REFERRAL
(856) 696-5550
LEGAL SERVICES
(856) 691-0494

**ESSEX COUNTY:**

Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102

LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl., Court House
1 North Broad Street
Woodbury, NJ 08096

LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House--1st Floor
583 Newark Ave.
Jersey City, NJ 07306

LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822

LAWYER REFERRAL
(908) 236-6109
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650

LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court,
Middlesex Vicinage
2nd Floor - Tower
56 Paterson Street, P.O. Box 2633
New Brunswick, NJ 08903-2633

LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House
P.O. Box 1269
Freehold, NJ 07728-1269

LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Morris County Courthouse
Civil Division
Washington and Court Streets
P. O. Box 910
Morristown, NJ 07963-0910

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
118 Washington Street, Room 121
P.O. Box 2191
Toms River, NJ 08754-2191

LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505

LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
Attn: Civil Case Management Office
92 Market Street
Salem, NJ 08079

LAWYER REFERRAL
(856) 935-5629
LEGAL SERVICES
(856) 691-0494

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
P.O. Box 3000
40 North Bridge Street
Somerville, N.J. 08876

LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073

LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**

Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07823-1500

LAWYER REFERRAL
(908) 859-4300
LEGAL SERVICES
(908) 475-2010

**Andrew Kuntz**
akuntz@pashmanstein.com
Direct: 201.270-4936



December 30, 2019

Mary Lynn Mathre
1472 Fish Pond Road
Howardsville, VA 24562

Re:    Jeanne Van Duzer Lang and Laramie Van Duzer Silber v. Patients Out Of Time, et al.
       Docket No. HNT-L-000529-19
       Our File No. 28442-001

Dear Ms. Mathre:

Please be advised that this firm has been retained to represent the Plaintiffs, Jeanne Van Duzer Lang and Laramie Van Duzer Silber, in the above-entitled matter. Enclosed herein, please find a copy of a Summons, Complaint and Track Assignment Notice.

Very truly yours,

Andrew Kuntz

Encl.
cc:    Dena B. Calo, Esq. (via email)

PASHMAN STEIN WALDER HAYDEN, P.C.
Andrew Kuntz / Attorney ID 901302012
Court Plaza South
21 Main Street – Suite 200
Hackensack, NJ 07601
(201) 488-8200
*Attorneys for Plaintiffs*
*Jeanne Van Duzer Lang and*
*Laramie Van Duzer Silber*

|  |  |
|---|---|
| JEANNE VAN DUZER LANG AND LARAMIE VAN DUZER SILBER,<br><br>    Plaintiffs,<br><br>    v.<br><br>PATIENTS OUT OF TIME, MARY LYNN MATHRE, MICHAEL ALDRICH, DENIS PETRO, IRVIN ROSENFELD, MELANIE DREHER, DUSTIN SULAK, ELVY MUSIKKA and JOHN DOE 1-10 and ABC CORP. 1-10 (names being fictitious as true identities are unknown at this time),<br><br>    Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: HUNTERDON COUNTY DOCKET NO. HNT-L-000529-19<br><br>**<u>Civil Action</u>**<br><br>SUMMONS |

From:  The State of New Jersey

To:    Mary Lynn Mathre
       1472 Fish Pond Road
       Howardsville, VA 24562

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the  county listed  above  and online      at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must

accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1- 888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

*/s/ Michelle M. Smith*
Clerk of the Superior Court

DATED: December 30, 2019

Name of Defendant to Be Served:         Mary Lynn Mathre

Address of Defendant to Be Served:       1472 Fish Pond Road
                                         Howardsville, VA 24562

**Directory of Superior Court Deputy Clerk's Offices County Lawyer Referral and Legal Services Offices**

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401

LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main St.
Hackensack, NJ 07601

LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Rd.
Mt. Holly, NJ 08060

LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice
1st Fl., Suite 150
101 South 5th Street
Camden, NJ 08103

LAWYER REFERRAL
(856) 482-0618
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 N. Main Street
Cape May Court House, NJ 08210

LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
60 West Broad Street
P.O. Box 10
Bridgeton, NJ 08302

LAWYER REFERRAL
(856) 696-5550
LEGAL SERVICES
(856) 691-0494

**ESSEX COUNTY:**

Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102

LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl., Court House
1 North Broad Street
Woodbury, NJ 08096

LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House--1st Floor
583 Newark Ave.
Jersey City, NJ 07306

LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822

LAWYER REFERRAL
(908) 236-6109
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650

LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court,
Middlesex Vicinage
2nd Floor - Tower
56 Paterson Street, P.O. Box 2633
New Brunswick, NJ 08903-2633

LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House
P.O. Box 1269
Freehold, NJ 07728-1269

LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Morris County Courthouse
Civil Division
Washington and Court Streets
P. O. Box 910
Morristown, NJ 07963-0910

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
118 Washington Street, Room 121
P.O. Box 2191
Toms River, NJ 08754-2191

LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505

LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
Attn: Civil Case Management Office
92 Market Street
Salem, NJ 08079

LAWYER REFERRAL
(856) 935-5629
LEGAL SERVICES
(856) 691-0494

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
P.O. Box 3000
40 North Bridge Street
Somerville, N.J. 08876

LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073

LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**

Deputy Clerk of the Superior Court          LAWYER REFERRAL
Civil Division Office                       (908) 859-4300
Court House                                 LEGAL SERVICES
413 Second Street                           (908) 475-2010
Belvidere, NJ 07823-1500

**Andrew Kuntz**
akuntz@pashmanstein.com
Direct: 201.270-4936



December 30, 2019

Michael Aldrich
2755 Franklin Street, Apt 7
San Francisco, CA 94123-3739

Re:    Jeanne Van Duzer Lang and Laramie Van Duzer Silber v. Patients Out Of Time, et al.
       Docket No. HNT-L-000529-19
       Our File No. 28442-001

Dear Mr. Aldrich:

Please be advised that this firm has been retained to represent the Plaintiffs, Jeanne Van Duzer Lang and Laramie Van Duzer Silber, in the above-entitled matter.  Enclosed herein, please find a copy of a Summons, Complaint and Track Assignment Notice.

Please note that this is an important legal proceeding and I recommend that you consult with an attorney regarding this matter.

Very truly yours,

Andrew Kuntz

Encl.
Cc:    Dena B. Calo, Esq. (via email)

PASHMAN STEIN WALDER HAYDEN, P.C.
Andrew Kuntz /Attorney ID 901302012
Court Plaza South
21 Main Street – Suite 200
Hackensack, NJ 07601
(201) 488-8200
*Attorneys for Plaintiffs*
*Jeanne Van Duzer Lang and*
*Laramie Van Duzer Silber*

| | |
|---|---|
| JEANNE VAN DUZER LANG AND LARAMIE VAN DUZER SILBER,<br><br>Plaintiffs,<br><br>v.<br><br>PATIENTS OUT OF TIME, MARY LYNN MATHRE, MICHAEL ALDRICH, DENIS PETRO,  IRVIN ROSENFELD, MELANIE DREHER, DUSTIN SULAK, ELVY MUSIKKA and JOHN DOE 1-10 and ABC CORP. 1-10 (names being fictitious as true identities are unknown at this time),<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: HUNTERDON COUNTY DOCKET NO.<br><br>**Civil Action**<br><br>SUMMONS |

From:  The State of New Jersey

To:     Michael Aldrich
         2755 Franklin Street
         Apt 7
         San Francisco, CA 94123-3739

        The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the  county listed  above and online  at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case

Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit.  If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

    If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1- 888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

/s/ Michelle M. Smith
Clerk of the Superior Court

DATED: December 30, 2019

Name of Defendant to Be Served:          Michael Aldrich

Address of Defendant to Be Served:        2755 Franklin Street
                                          Apt 7
                                          San Francisco, CA 94123-3739

**Directory of Superior Court Deputy Clerk's Offices County Lawyer Referral and Legal Services Offices**

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401

LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main St.
Hackensack, NJ 07601

LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Rd.
Mt. Holly, NJ 08060

LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice
1st Fl., Suite 150
101 South 5th Street
Camden, NJ 08103

LAWYER REFERRAL
(856) 482-0618
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 N. Main Street
Cape May Court House, NJ 08210

LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
60 West Broad Street
P.O. Box 10
Bridgeton, NJ 08302

LAWYER REFERRAL
(856) 696-5550
LEGAL SERVICES
(856) 691-0494

**ESSEX COUNTY:**

Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102

LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl., Court House
1 North Broad Street
Woodbury, NJ 08096

LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House--1st Floor
583 Newark Ave.
Jersey City, NJ 07306

LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822

LAWYER REFERRAL
(908) 236-6109
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650

LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court,
Middlesex Vicinage
2nd Floor - Tower
56 Paterson Street, P.O. Box 2633
New Brunswick, NJ 08903-2633

LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House
P.O. Box 1269
Freehold, NJ 07728-1269

LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Morris County Courthouse
Civil Division
Washington and Court Streets
P. O. Box 910
Morristown, NJ 07963-0910

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
118 Washington Street, Room 121
P.O. Box 2191
Toms River, NJ 08754-2191

LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505

LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
Attn: Civil Case Management Office
92 Market Street
Salem, NJ 08079

LAWYER REFERRAL
(856) 935-5629
LEGAL SERVICES
(856) 691-0494

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
P.O. Box 3000
40 North Bridge Street
Somerville, N.J. 08876

LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073

LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**

Deputy Clerk of the Superior Court          LAWYER REFERRAL
Civil Division Office                       (908) 859-4300
Court House                                 LEGAL SERVICES
413 Second Street                           (908) 475-2010
Belvidere, NJ 07823-1500

**Andrew Kuntz**
akuntz@pashmanstein.com
Direct: 201.270-4936



December 30, 2019

Denis J. Petro
500 Grove Street
Catasauqua, PA 18032-2604

Re:    Jeanne Van Duzer Lang and Laramie Van Duzer Silber v. Patients Out Of Time, et al.
       Docket No. HNT-L-000529-19
       Our File No. 28442-001

Dear Mr. Petro:

Please be advised that this firm has been retained to represent the Plaintiffs, Jeanne Van Duzer Lang and Laramie Van Duzer Silber, in the above-entitled matter. Enclosed herein, please find a copy of a Summons, Complaint and Track Assignment Notice.

Please note that this is an important legal proceeding and I recommend that you consult with an attorney regarding this matter.

Very truly yours,

Andrew Kuntz

Encl.
Cc:    Dena B. Calo, Esq. (via email)

Court Plaza South          Phone: 201.488.8200
21 Main Street, Suite 200  Fax: 201.488.5556
Hackensack, NJ 07601       www.pashmanstein.com

PASHMAN STEIN WALDER HAYDEN, P.C.
Andrew Kuntz /Attorney ID 901302012
Court Plaza South
21 Main Street – Suite 200
Hackensack, NJ 07601
(201) 488-8200
*Attorneys for Plaintiffs*
*Jeanne Van Duzer Lang and*
*Laramie Van Duzer Silber*

| | |
|---|---|
| JEANNE VAN DUZER LANG AND LARAMIE VAN DUZER SILBER,<br><br>Plaintiffs,<br><br>v.<br><br>PATIENTS OUT OF TIME, MARY LYNN MATHRE, MICHAEL ALDRICH, DENIS PETRO,  IRVIN ROSENFELD, MELANIE DREHER, DUSTIN SULAK, ELVY MUSIKKA and JOHN DOE 1-10 and ABC CORP. 1-10 (names being fictitious as true identities are unknown at this time),<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: HUNTERDON COUNTY DOCKET NO.  HNT-L-000529-19<br><br>**Civil Action**<br><br>SUMMONS |

From:  The State of New Jersey

To:    Denis J. Petro
       500 Grove Street
       Catasauqua, PA 18032-2604

        The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the  county listed  above and online      at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must

accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1- 888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

*/s/ Michelle M. Smith*
Clerk of the Superior Court

DATED: December 30, 2019

Name of Defendant to Be Served:        Denis J. Petro

Address of Defendant to Be Served:        500 Grove Street
Catasauqua, PA 18032-2604

**Directory of Superior Court Deputy Clerk's Offices County Lawyer Referral and Legal Services Offices**

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401

LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main St.
Hackensack, NJ 07601

LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Rd.
Mt. Holly, NJ 08060

LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice
1st Fl., Suite 150
101 South 5th Street
Camden, NJ 08103

LAWYER REFERRAL
(856) 482-0618
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 N. Main Street
Cape May Court House, NJ 08210

LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
60 West Broad Street
P.O. Box 10
Bridgeton, NJ 08302

LAWYER REFERRAL
(856) 696-5550
LEGAL SERVICES
(856) 691-0494

**ESSEX COUNTY:**

Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102

LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl., Court House
1 North Broad Street
Woodbury, NJ 08096

LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House--1st Floor
583 Newark Ave.
Jersey City, NJ 07306

LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822

LAWYER REFERRAL
(908) 236-6109
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650

LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court,
Middlesex Vicinage
2nd Floor - Tower
56 Paterson Street, P.O. Box 2633
New Brunswick, NJ 08903-2633

LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House
P.O. Box 1269
Freehold, NJ 07728-1269

LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Morris County Courthouse
Civil Division
Washington and Court Streets
P. O. Box 910
Morristown, NJ 07963-0910

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
118 Washington Street, Room 121
P.O. Box 2191
Toms River, NJ 08754-2191

LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505

LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
Attn: Civil Case Management Office
92 Market Street
Salem, NJ 08079

LAWYER REFERRAL
(856) 935-5629
LEGAL SERVICES
(856) 691-0494

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
P.O. Box 3000
40 North Bridge Street
Somerville, N.J. 08876

LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073

LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**

Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07823-1500

LAWYER REFERRAL
(908) 859-4300
LEGAL SERVICES
(908) 475-2010

**Andrew Kuntz**
akuntz@pashmanstein.com
Direct: 201.270-4936



December 30, 2019

Irvin H. Rosenfeld
8500 51st Street
Lauderhill, FL 33351-4825

Re:    Jeanne Van Duzer Lang and Laramie Van Duzer Silber v. Patients Out Of Time, et al.
       Docket No. HNT-L-000529-19
       Our File No. 28442-001

Dear Mr. Rosenfeld:

Please be advised that this firm has been retained to represent the Plaintiffs, Jeanne Van Duzer Lang and Laramie Van Duzer Silber, in the above-entitled matter. Enclosed herein, please find a copy of a Summons, Complaint and Track Assignment Notice.

Please note that this is an important legal proceeding and I recommend that you consult with an attorney regarding this matter.

Very truly yours,

Andrew Kuntz

Encl.
Cc:    Dena B. Calo, Esq. (via email)

Court Plaza South          | Phone:  201.488.8200
21 Main Street, Suite 200  | Fax:  201.488.5556
Hackensack, NJ 07601       | www.pashmanstein.com

PASHMAN STEIN WALDER HAYDEN, P.C.
Andrew Kuntz /Attorney ID 901302012
Court Plaza South
21 Main Street – Suite 200
Hackensack, NJ 07601
(201) 488-8200
*Attorneys for Plaintiffs*
*Jeanne Van Duzer Lang and*
*Laramie Van Duzer Silber*

| | |
|---|---|
| JEANNE VAN DUZER LANG AND LARAMIE VAN DUZER SILBER,<br><br>Plaintiffs,<br><br>v.<br><br>PATIENTS OUT OF TIME, MARY LYNN MATHRE, MICHAEL ALDRICH, DENIS PETRO, IRVIN ROSENFELD, MELANIE DREHER, DUSTIN SULAK, ELVY MUSIKKA and JOHN DOE 1-10 and ABC CORP. 1-10 (names being fictitious as true identities are unknown at this time),<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: HUNTERDON COUNTY DOCKET NO. HNT-L-000529-19<br><br>**<u>Civil Action</u>**<br><br>SUMMONS |

From:  The State of New Jersey

To:     Irvin H. Rosenfeld
        8500 51St Street
        Lauderhill, FL 33351-4825

        The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the  county listed  above and online      at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must

accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

        If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

        If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1- 888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

*/s/ Michelle M. Smith*
Clerk of the Superior Court

DATED: December 30, 2019

Name of Defendant to Be Served:        Irvin H. Rosenfeld

Address of Defendant to Be Served:      8500 51St Street
Lauderhill, FL 33351-4825

**Directory of Superior Court Deputy Clerk's Offices County Lawyer Referral and Legal Services Offices**

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401

LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main St.
Hackensack, NJ 07601

LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Rd.
Mt. Holly, NJ 08060

LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice
1st Fl., Suite 150
101 South 5th Street
Camden, NJ 08103

LAWYER REFERRAL
(856) 482-0618
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 N. Main Street
Cape May Court House, NJ 08210

LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
60 West Broad Street
P.O. Box 10
Bridgeton, NJ 08302

LAWYER REFERRAL
(856) 696-5550
LEGAL SERVICES
(856) 691-0494

**ESSEX COUNTY:**

Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102

LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl., Court House
1 North Broad Street
Woodbury, NJ 08096

LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House--1st Floor
583 Newark Ave.
Jersey City, NJ 07306

LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822

LAWYER REFERRAL
(908) 236-6109
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650

LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court,
Middlesex Vicinage
2nd Floor - Tower
56 Paterson Street, P.O. Box 2633
New Brunswick, NJ 08903-2633

LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House
P.O. Box 1269
Freehold, NJ 07728-1269

LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Morris County Courthouse
Civil Division
Washington and Court Streets
P. O. Box 910
Morristown, NJ 07963-0910

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
118 Washington Street, Room 121
P.O. Box 2191
Toms River, NJ 08754-2191

LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505

LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
Attn: Civil Case Management Office
92 Market Street
Salem, NJ 08079

LAWYER REFERRAL
(856) 935-5629
LEGAL SERVICES
(856) 691-0494

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
P.O. Box 3000
40 North Bridge Street
Somerville, N.J. 08876

LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073

LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**

Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07823-1500

LAWYER REFERRAL
(908) 859-4300
LEGAL SERVICES
(908) 475-2010

**Andrew Kuntz**
akuntz@pashmanstein.com
Direct: 201.270-4936



December 30, 2019

Melanie L. Dreher
5555 N. Sheridan Road, Unit 903
Chicago, IL 60640

Re:    Jeanne Van Duzer Lang and Laramie Van Duzer Silber v. Patients Out Of Time, et al.
       Docket No. HNT-L-000529-19
       Our File No. 28442-001

Dear Ms. Dreher:

Please be advised that this firm has been retained to represent the Plaintiffs, Jeanne Van Duzer Lang and Laramie Van Duzer Silber, in the above-entitled matter.  Enclosed herein, please find a copy of a Summons, Complaint and Track Assignment Notice.

Please note that this is an important legal proceeding and I recommend that you consult with an attorney regarding this matter.

Very truly yours,

Andrew Kuntz

Encl.
Cc:    Dena B. Calo, Esq. (via email)

---

Court Plaza South           | Phone:  201.488.8200
21 Main Street, Suite 200   | Fax:  201.488.5556
Hackensack, NJ 07601        | www.pashmanstein.com

PASHMAN STEIN WALDER HAYDEN, P.C.
Andrew Kuntz /Attorney ID 901302012
Court Plaza South
21 Main Street – Suite 200
Hackensack, NJ 07601
(201) 488-8200
*Attorneys for Plaintiffs*
*Jeanne Van Duzer Lang and*
*Laramie Van Duzer Silber*

| | |
|---|---|
| JEANNE VAN DUZER LANG AND LARAMIE VAN DUZER SILBER, <br><br> Plaintiffs, <br><br> v. <br><br> PATIENTS OUT OF TIME, MARY LYNN MATHRE, MICHAEL ALDRICH, DENIS PETRO, IRVIN ROSENFELD, MELANIE DREHER, DUSTIN SULAK, ELVY MUSIKKA and JOHN DOE 1-10 and ABC CORP. 1-10 (names being fictitious as true identities are unknown at this time), <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: HUNTERDON COUNTY DOCKET NO.  HNT-L-000529-19 <br><br> **Civil Action** <br><br> SUMMONS |

From:  The State of New Jersey

To:      Melanie L. Dreher
          5555 N. Sheridan Road, Unit 903
          Chicago, IL 60640

        The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the  county listed  above and online      at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must

accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1- 888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

*/s/ Michelle M. Smith*
Clerk of the Superior Court

DATED: December 30, 2019

Name of Defendant to Be Served:          Melanie L. Dreher

Address of Defendant to Be Served:       5555 N. Sheridan Road, Unit 903
                                          Chicago, IL 60640

**Directory of Superior Court Deputy Clerk's Offices County Lawyer Referral and Legal Services Offices**

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401

LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main St.
Hackensack, NJ 07601

LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Rd.
Mt. Holly, NJ 08060

LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice
1st Fl., Suite 150
101 South 5th Street
Camden, NJ 08103

LAWYER REFERRAL
(856) 482-0618
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 N. Main Street
Cape May Court House, NJ 08210

LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
60 West Broad Street
P.O. Box 10
Bridgeton, NJ 08302

LAWYER REFERRAL
(856) 696-5550
LEGAL SERVICES
(856) 691-0494

**ESSEX COUNTY:**

Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102

LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl., Court House
1 North Broad Street
Woodbury, NJ 08096

LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House--1st Floor
583 Newark Ave.
Jersey City, NJ 07306

LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822

LAWYER REFERRAL
(908) 236-6109
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650

LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court,
Middlesex Vicinage
2nd Floor - Tower
56 Paterson Street, P.O. Box 2633
New Brunswick, NJ 08903-2633

LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House
P.O. Box 1269
Freehold, NJ 07728-1269

LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Morris County Courthouse
Civil Division
Washington and Court Streets
P. O. Box 910
Morristown, NJ 07963-0910

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
118 Washington Street, Room 121
P.O. Box 2191
Toms River, NJ 08754-2191

LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505

LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
Attn: Civil Case Management Office
92 Market Street
Salem, NJ 08079

LAWYER REFERRAL
(856) 935-5629
LEGAL SERVICES
(856) 691-0494

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
P.O. Box 3000
40 North Bridge Street
Somerville, N.J. 08876

LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073

LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**

Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07823-1500

LAWYER REFERRAL
(908) 859-4300
LEGAL SERVICES
(908) 475-2010

**Andrew Kuntz**
akuntz@pashmanstein.com
Direct: 201.270-4936



December 30, 2019

Dustin R. Sulak
24 Beaver Woods Drive
Durham, ME 04222-5491

Re:    Jeanne Van Duzer Lang and Laramie Van Duzer Silber v. Patients Out Of Time, et al.
       Docket No. HNT-L-000529-19
       Our File No. 28442-001

Dear Mr. Sulak:

Please be advised that this firm has been retained to represent the Plaintiffs, Jeanne Van Duzer Lang and Laramie Van Duzer Silber, in the above-entitled matter.  Enclosed herein, please find a copy of a Summons, Complaint and Track Assignment Notice.

Please note that this is an important legal proceeding and I recommend that you consult with an attorney regarding this matter.

Very truly yours,

Andrew Kuntz

Encl.
Cc:    Dena B. Calo, Esq. (via email)

Court Plaza South        | Phone:  201.488.8200
21 Main Street, Suite 200 | Fax:  201.488.5556
Hackensack, NJ 07601     | www.pashmanstein.com

PASHMAN STEIN WALDER HAYDEN, P.C.
Andrew Kuntz /Attorney ID 901302012
Court Plaza South
21 Main Street – Suite 200
Hackensack, NJ 07601
(201) 488-8200
*Attorneys for Plaintiffs*
*Jeanne Van Duzer Lang and*
*Laramie Van Duzer Silber*

| | |
|---|---|
| JEANNE VAN DUZER LANG AND LARAMIE VAN DUZER SILBER,<br><br>Plaintiffs,<br><br>v.<br><br>PATIENTS OUT OF TIME, MARY LYNN MATHRE, MICHAEL ALDRICH, DENIS PETRO, IRVIN ROSENFELD, MELANIE DREHER, DUSTIN SULAK, ELVY MUSIKKA and JOHN DOE 1-10 and ABC CORP. 1-10 (names being fictitious as true identities are unknown at this time),<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: HUNTERDON COUNTY DOCKET NO. HNT-L-000529-19<br><br>**Civil Action**<br><br>SUMMONS |

From: The State of New Jersey

To:    Dustin R. Sulak
       24 Beaver Woods Drive
       Durham, ME 04222-5491

        The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the  county listed  above and online      at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must

accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1- 888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

*/s/ Michelle M. Smith*
Clerk of the Superior Court

DATED: December 30, 2019

Name of Defendant to Be Served:          Dustin R. Sulak

Address of Defendant to Be Served:          24 Beaver Woods Drive
Durham, ME 04222-5491

**Directory of Superior Court Deputy Clerk's Offices County Lawyer Referral and Legal Services Offices**

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401

LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main St.
Hackensack, NJ 07601

LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Rd.
Mt. Holly, NJ 08060

LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice
1st Fl., Suite 150
101 South 5th Street
Camden, NJ 08103

LAWYER REFERRAL
(856) 482-0618
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 N. Main Street
Cape May Court House, NJ 08210

LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
60 West Broad Street
P.O. Box 10
Bridgeton, NJ 08302

LAWYER REFERRAL
(856) 696-5550
LEGAL SERVICES
(856) 691-0494

**ESSEX COUNTY:**

Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102

LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl., Court House
1 North Broad Street
Woodbury, NJ 08096

LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House--1st Floor
583 Newark Ave.
Jersey City, NJ 07306

LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822

LAWYER REFERRAL
(908) 236-6109
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650

LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court,
Middlesex Vicinage
2nd Floor - Tower
56 Paterson Street, P.O. Box 2633
New Brunswick, NJ 08903-2633

LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House
P.O. Box 1269
Freehold, NJ 07728-1269

LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Morris County Courthouse
Civil Division
Washington and Court Streets
P. O. Box 910
Morristown, NJ 07963-0910

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
118 Washington Street, Room 121
P.O. Box 2191
Toms River, NJ 08754-2191

LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505

LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
Attn: Civil Case Management Office
92 Market Street
Salem, NJ 08079

LAWYER REFERRAL
(856) 935-5629
LEGAL SERVICES
(856) 691-0494

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
P.O. Box 3000
40 North Bridge Street
Somerville, N.J. 08876

LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073

LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**

Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07823-1500

LAWYER REFERRAL
(908) 859-4300
LEGAL SERVICES
(908) 475-2010

**Andrew Kuntz**
akuntz@pashmanstein.com
Direct: 201.270-4936



December 30, 2019

Elvy L. Musikka
265 W. 8th Avenue, 211
Eugene, OR 97401-2928

Re:    Jeanne Van Duzer Lang and Laramie Van Duzer Silber v. Patients Out Of Time, et al.
         Docket No. HNT-L-000529-19
         Our File No. 28442-001

Dear Sir/Madam:

Please be advised that this firm has been retained to represent the Plaintiffs, Jeanne Van Duzer Lang and Laramie Van Duzer Silber, in the above-entitled matter.  Enclosed herein, please find a copy of a Summons, Complaint and Track Assignment Notice.

Please note that this is an important legal proceeding and I recommend that you consult with an attorney regarding this matter.

Very truly yours,

Andrew Kuntz

Encl.
Cc:    Dena B. Calo, Esq. (via email)

Court Plaza South       | Phone:  201.488.8200
21 Main Street, Suite 200 | Fax:  201.488.5556
Hackensack, NJ 07601    | www.pashmanstein.com

PASHMAN STEIN WALDER HAYDEN, P.C.
Andrew Kuntz /Attorney ID 901302012
Court Plaza South
21 Main Street – Suite 200
Hackensack, NJ 07601
(201) 488-8200
*Attorneys for Plaintiffs*
*Jeanne Van Duzer Lang and*
*Laramie Van Duzer Silber*

| | |
|---|---|
| JEANNE VAN DUZER LANG AND LARAMIE VAN DUZER SILBER, <br><br> Plaintiffs, <br><br> v. <br><br> PATIENTS OUT OF TIME, MARY LYNN MATHRE, MICHAEL ALDRICH, DENIS PETRO, IRVIN ROSENFELD, MELANIE DREHER, DUSTIN SULAK, ELVY MUSIKKA and JOHN DOE 1-10 and ABC CORP. 1-10 (names being fictitious as true identities are unknown at this time), <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: HUNTERDON COUNTY DOCKET NO.  HNT-L-000529-19 <br><br> **Civil Action** <br><br> SUMMONS |

From:  The State of New Jersey

To:     Elvy L. Musikka
         265 W. 8ᵀʰ Avenue, 211
         Eugene, OR 97401-2928

        The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the  county listed  above  and online       at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must

accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1- 888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

/s/ Michelle M. Smith
Clerk of the Superior Court

DATED: December 30, 2019

Name of Defendant to Be Served:    Elvy L. Musikka

Address of Defendant to Be Served:    265 W. 8Th Avenue, 211
Eugene, OR 97401-2928

**Directory of Superior Court Deputy Clerk's Offices County Lawyer Referral and Legal Services Offices**

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401

LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main St.
Hackensack, NJ 07601

LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Rd.
Mt. Holly, NJ 08060

LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice
1st Fl., Suite 150
101 South 5th Street
Camden, NJ 08103

LAWYER REFERRAL
(856) 482-0618
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 N. Main Street
Cape May Court House, NJ 08210

LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
60 West Broad Street
P.O. Box 10
Bridgeton, NJ 08302

LAWYER REFERRAL
(856) 696-5550
LEGAL SERVICES
(856) 691-0494

**ESSEX COUNTY:**

Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102

LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl., Court House
1 North Broad Street
Woodbury, NJ 08096

LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House--1st Floor
583 Newark Ave.
Jersey City, NJ 07306

LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822

LAWYER REFERRAL
(908) 236-6109
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650

LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court,
Middlesex Vicinage
2nd Floor - Tower
56 Paterson Street, P.O. Box 2633
New Brunswick, NJ 08903-2633

LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House
P.O. Box 1269
Freehold, NJ 07728-1269

LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Morris County Courthouse
Civil Division
Washington and Court Streets
P. O. Box 910
Morristown, NJ 07963-0910

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
118 Washington Street, Room 121
P.O. Box 2191
Toms River, NJ 08754-2191

LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505

LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
Attn: Civil Case Management Office
92 Market Street
Salem, NJ 08079

LAWYER REFERRAL
(856) 935-5629
LEGAL SERVICES
(856) 691-0494

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
P.O. Box 3000
40 North Bridge Street
Somerville, N.J. 08876

LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073

LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**

Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07823-1500

LAWYER REFERRAL
(908) 859-4300
LEGAL SERVICES
(908) 475-2010