**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| |
|---|
| JEANNE VAN DUZER LANG, et al., |
| Plaintiffs, |
| v. |
| PATIENTS OUT OF TIME, et al., |
| Defendants. |

Civil Action No. 20-615 (MAS) (TJB)

**MEMORANDUM ORDER**

This matter comes before the Court upon Plaintiffs Jeanne Van Duzer Lang ("Lang") and Laramie Van Duzer Silber's ("Silber") (collectively, "Plaintiffs") Motion for Reconsideration of the portion of the Court's September 15, 2020 Order transferring this matter to the United States District Court for the Western District of Virginia. (Mot. for Recons., ECF No. 23.) Defendants Patients Out of Time, Michael Aldrich, Melanie Dreher, Mary Lynn Mathre, Elvy Musikka, Denis Petro, Irvin Rosenfeld, Dustin Sulak, and John Does 1–10 (collectively, "Defendants") opposed. (ECF No. 24.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1.

As an initial matter, the Court no longer has jurisdiction over this matter, including over Plaintiffs' Motion for Reconsideration. "[I]t is well established that the 'transferor court loses jurisdiction to reconsider its order for transfer once the records in the transferred action are physically transferred to and received by the transferee court.'" *Herod's Stone Design v. Mediterranean Shipping Co. S.A.*, No. 18-6118, 2018 WL 6191946, at *2 (D.N.J. Nov. 28, 2018) (quoting *Database Am., Inc. v. Bellsouth Advert. & Publ'g Corp.*, 825 F. Supp. 1216, 1221 (D.N.J. 1993)); *see also* 15 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure

§ 3846, at 69–70 (4th ed. 2020) ("When a motion for transfer . . . has been granted, and the papers lodged with the clerk of the transferee court, the transferor court . . . lose[s] all jurisdiction over the case and may not proceed further with regard to it."). A review of the docket indicates that the Court's Order transferring the case was filed on September 15, 2020. (ECF No. 22.) On September 16, 2020, this case was physically transferred to the Western District of Virginia where it was received and opened as case number 3:20-cv-00055. Plaintiffs did not seek a stay of the transfer and did not file the Motion for Reconsideration until September 29, 2020, thirteen days after the case was transferred. (ECF No. 23.) Because the Clerk of the Court properly effectuated the transfer order and sent the case file to the Western District of Virginia prior to the filing of Plaintiffs' Motion for Reconsideration, this Court lacks jurisdiction to consider Plaintiffs' motion and denies it on that basis. Nevertheless, even if jurisdiction existed, Plaintiffs' motion fails on the merits for the reasons discussed below.

Reconsideration under Local Civil Rule 7.1 is an extraordinary remedy that is rarely granted. *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002). It requires the moving party to set forth the factual matters or controlling legal authorities he believes the Court overlooked when rendering its final decision. *See* L. Civ. R. 7.1(i). To succeed on a motion for reconsideration, a movant must show: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion [at issue]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A court commits clear error of law 'only if the record cannot support the findings that led to the ruling.'" *Rich v. State*, 294 F. Supp. 3d 266, 272 (D.N.J. 2018) (quoting *ABS Brokerage Servs., LLC v. Penson Fin. Servs., Inc.*, No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010)). "Thus,

a party must do more than allege that portions of a ruling were erroneous in order to obtain reconsideration of that ruling." *ABS Brokerage Servs.*, 2010 WL 3257992, at *6. A motion for reconsideration is not an opportunity to raise new matters or arguments that could have been raised before the original decision was made. *See Bowers v. NCAA*, 130 F. Supp. 2d 610, 612–13 (D.N.J. 2001). Nor is a motion for reconsideration an opportunity to ask the court to rethink what it has already thought through. *Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507. "Rather, the rule permits a reconsideration only when 'dispositive factual matters or controlling decisions of law' were presented to the court but were overlooked." *Id.* (quoting *Khair v. Campbell Soup Co.*, 893 F. Supp. 316, 337 (D.N.J. 1995)).

First, Plaintiffs assert that Plaintiff Lang's vulnerability to COVID-19 is a new circumstance that could not have been raised at the time of Plaintiffs' March 23, 2020 filing of their Opposition brief. (Mot. for Recons. *7, ECF No. 23-1.[1]) Even accepting as true that by March 23, 2020, Plaintiffs did not know of this circumstance, the standard for reconsideration, as stated above, is whether it could have been raised "before the original decision was made." *Bowers*, 130 F. Supp. 2d at 612–13. At no time between March 2020 and the Court's decision in September 2020 did Plaintiffs file a letter, sur-reply, or any other correspondence with the Court regarding Plaintiff Lang's health or travel concerns related to COVID-19. This is not, therefore, a new circumstance that warrants reconsideration. That notwithstanding, the Court notes that Plaintiffs state that "Ms. Lang cannot travel to litigate her claims in Virginia during the pendency of this Public Health Emergency." (Mot. for Recons. *7.) Importantly, the Court notes that per the Western District of Virginia's current COVID-19 policies, "Videoconference hearings during the pandemic have proven successful, and the court will continue to hold videoconference proceedings

---

[1] Page numbers preceded by an asterisk refer to the page number on the ECF header.

3

as often as possible." Western District of Virginia Standing Order 2021-4, 2 (Feb. 18, 2021), http://www.vawd.uscourts.gov/media/31976424/standing-order-2021-4.pdf; *see also* Western District of Virginia Re-Opening Guidelines 5–6 (June 4, 2020), http://www.vawd.uscourts.gov/media/31968914/reopening-plan-wdva-combined-final-revised-060420.pdf ("Civil proceedings to the greatest extent possible should be through video-conference or tele-conference.").

Next, Plaintiffs assert that the Court (1) improperly discounted the deference afforded to Plaintiffs' choice of forum (Mot. for Recons. *8, 18); (2) erroneously found that a substantial part of the events giving rise to Plaintiffs' claims stem from actions taken in Virginia, not New Jersey (*id.* at *8–11); (3) incorrectly concluded that Plaintiffs did not provide any argument against transfer and did not argue that it is inconvenient for them to litigate in Virginia (*id.* at *11–18); and (4) committed error by relying heavily on the District of New Jersey's judicial vacancies (*id.* at *16). Plaintiffs, however, do not demonstrate either an intervening change in controlling law or the availability of new evidence not available to the Court at the time of the Order. *Quinteros*, 176 F.3d at 677. Nor do Plaintiffs meet the standard required to establish clear error of law or fact.

In its decision granting the motion to transfer, the Court noted that "Plaintiffs do not provide any argument against transfer in their lengthy opposition even though Plaintiffs were granted leave to file a brief up to sixty-five pages in length." (Mem. Op. 9, ECF No. 21 (citations omitted).) Now, Plaintiffs suggest the factual arguments they made in opposition to the Motion to Dismiss were meant to be understood as arguments also raised against the transfer of venue. Plaintiffs attempt to justify their failure to directly address transfer of venue in their original briefing by arguing that these facts raised "an unavoidable inference," (Mot. for Recons. *17), and provided an "obvious argument and conclusion against transfer[.]" (*Id.* at *11.) Plaintiffs allege

4

"[t]he Court chose to ignore those facts" when deciding to transfer the case. (*Id.*) First, Plaintiffs' suggestion that the Court ignored Plaintiffs' arguments is false—indeed, the Court relied on them in finding Plaintiffs had established that Defendants purposefully directed activities at New Jersey by contracting with Plaintiffs. (Mem. Op. 8–9.) What the Court did not do, however, is draw "inferences" as Plaintiffs now suggest it should have. Nor did the Court refashion Plaintiffs' actual arguments into the arguments Plaintiffs now wish they had made earlier. (*See generally* Pls. Opp'n Br., ECF No. 16 (titled "Plaintiff(s) Silber and Lang's Brief in Opposition to Defendants' Motion to Dismiss Portions of the Complaint").) Further, Plaintiffs did not originally "make obvious the position that litigating in Virginia is not only inconvenient, but a hardship for Plaintiffs." (Mot. for Recons. *5.) Nor do they now. Rather, Plaintiffs' lengthy recapitulation of these facts in their present motion, (*id.* at *11–16), merely reiterates what the Court already acknowledged when resolving the personal jurisdiction issue in Plaintiffs' favor, (Mem. Op. 8–9), and does not alter the overall weight the Court gave each of the private and public interest factors in deciding to transfer this case. (*Id.* 10–11.) Finally, Plaintiffs' reliance on inapplicable case law from outside the Third Circuit in arguing that the Court improperly weighed the relative administrative difficulty resulting from the District of New Jersey's judicial emergency fails to meet the standard required to establish clear error of law. (*See* Mot. for Recons. *19.) Accordingly,

**IT IS** on this 31st day of March 2021 **ORDERED** that:

1. Plaintiffs' Motion for Reconsideration (ECF No. 23) is **DENIED**.

                                                **MICHAEL A. SHIPP**
                                                **UNITED STATES DISTRICT JUDGE**